UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:13-cv-41-FDW

| | |
|---|---|
| DANNY W. RATLIFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1); on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2); and on Plaintiff's Motion for Application for Prospective Injunction, (Doc. No. 3).

The Court has examined Plaintiff's inmate trust fund account, which shows that as of December 4, 2013, Plaintiff had $73.20 in his account. (Doc. No. 5 at 3). The Court has determined that Plaintiff lacks sufficient resources with which to pay the filing fee. Therefore, Plaintiff's application to proceed in forma pauperis shall be granted for the limited purpose of this initial review.

**I.  BACKGROUND**

Plaintiff, a North Carolina state court prisoner, filed this action on October 25, 2013, pursuant to 42 U.S.C. § 1983. North Carolina Department of Public safety records indicate that on May 5, 2012, Plaintiff was convicted in Jackson County of manufacturing methamphetamine. Plaintiff has named as Defendants the State of North Carolina; Quentin T. Sumner, identified as the Chairman of the North Carolina Innocence Commission; and Judge Bradley B. Letts,

1

identified as the Chief Superior Court Judge of Jackson County, North Carolina.  As his sole claim, Plaintiff alleges that "above defendants in conspiracy ordered the dismissal of petitioner's colorable pro se innocence claim after refusing to cite defects and allowing opportunity to amend, or appeal pursuant to N.C.G.S. 15A-1467, N.C.G.S. 15A-1468, N.C.G.S. 15A-1469, and N.C.G.S. 15A-1470 on or about July 1, 2013."  (Doc. No. 1 at 3).  As relief, Plaintiff seeks "summary judgment for court cost and attorney fees" and "repeal and dissolution of N.C.G.S. 15A-1467, 15A-1468, 15A-1469 and 15A-1470."  (Id. at 4).

    **II.    STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

2

## III. DISCUSSION

Plaintiff here appears to be alleging that certain of his federal constitutional rights were violated because Defendants denied his request to have his case reviewed by the North Carolina Innocence Commission. Plaintiff fails to state a claim for relief based on the Innocence Commission's denial of his innocence claim. The North Carolina Innocence Inquiry Commission was established in 2006 as "an extraordinary procedure to investigate and determine credible claims of factual innocence . . . ." N.C. GEN. STAT. § 15A-1461. The term "claim of factual innocence" is defined in the law as "a claim . . . asserting the complete innocence of any criminal responsibility for the felony for which the person was convicted and for any other reduced level of criminal responsibility relating to the crime, and for which there is some credible, verifiable evidence of innocence that has not previously been presented at trial or considered at a hearing granted through postconviction relief." Id. § 15A-1560(1). Submission of claims to the Innocence Commission is permissive, and the Innocence Commission has total discretion to "informally screen and dismiss a case summarily at its discretion." Id. § 15A-1467(a). "If the Commission concludes there is sufficient evidence of factual innocence to merit judicial review, the Chair of the Commission shall request the Chief Justice to appoint a three-judge panel . . . to convene a special session of the superior court of the original jurisdiction to hear evidence relevant to the Commission's recommendation." Id. § 15A-1469(a). The decisions of the Commission and the three-judge panel are final and not subject to review. Id. § 15A-1470(a).

To the extent that Plaintiff is attempting to bring a claim for denial of access to the courts or a due process violation, he fails to state a claim for which relief may be granted. As at least one court to have faced such claims has already explained, in creating the Innocence

3

Commission, North Carolina did not create a due process liberty interest for North Carolina prisoners. Accord Faison v. North Carolina, No. 5:13-CT-3199-FL, 2013 WL 6247243, at *6-7 (E.D.N.C. Dec. 3, 2013) (finding that plaintiffs failed to state a claim for a violation of their right to access to the courts and due process based on defendants' denial of the plaintiffs' claims to the Innocence Commission without granting plaintiffs' the right to appeal).

IV. **CONCLUSION**

For the reasons stated herein, the Court dismisses this action on initial review for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

2. Plaintiff's Motion for Application for Prospective Injunction, (Doc. No. 3), is **DENIED**.

3. Plaintiff's action is dismissed on initial review for failure to state a claim.

Signed: December 18, 2013

Frank D. Whitney
Chief United States District Judge